UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-23183-JLK

IDA BREWTON,

    Plaintiff,

v.

MIAMI-DADE COUNTY,

    Defendant.

_____/

**DEFENDANT MIAMI-DADE COUNTY'S
ANSWER AND DEFENSES TO AMENDED COMPLAINT**

    Defendant Miami-Dade County, a political subdivision of the State of Florida ("the County"), by and through undersigned counsel, answers Plaintiff's Amended Complaint (DE 8)(hereafter referred to as "the Complaint") in like-numbered paragraphs as follows:

**ANSWER**

    1.    The County admits the allegations in paragraph 1 that this action was originally filed in the Circuit Court for the Eleventh Judicial Circuit of Florida and that the Defendant removed the Complaint to this Court under the appropriate provisions of federal law but denies the allegation in paragraph 1 that Plaintiff is entitled to any relief under the Americans with Disabilities Act (ADA) or the Florida Civil Rights Act (FCRA) as alleged in paragraph 1.

    2.    The County admits that the employer Miami-Dade County and its facilities where the Plaintiff worked are all located within Miami-Dade County but denies the remaining allegations of paragraph 2.

    3.    The County admits the allegations of paragraph 3 that Plaintiff is currently employed by the County and that Plaintiff has been employed by the County at all material times which would encompass at most 300 days prior to the filing of the administrative charge of discrimination that is attached as Exhibit A to the Amended Complaint.

Case 1:19-cv-23183-JLK   Document 12   Entered on FLSD Docket 10/15/2019   Page 2 of 7

*Ida Brewton v. Miami-Dade County*
19-CV-23183-JLK

4. The County admits the allegations of paragraph 4 that the County operates the Miami-Dade Corrections Department ("the Department") and that the County is *sui juris* but denies the remaining allegations of paragraph 4.

5. The County denies that Plaintiff has performed all conditions precedent and exhausted administrative remedies prior to bringing this action as alleged in paragraph 5, but the the County admits that the Charge attached as Exhibit A was filed with the Equal Employment Opportunity Commission (EEOC) and that the Right-to-Sue letter attached as Exhibit B appears genuine. The County specifically denies that Plaintiff has exhausted the required conditions precedent regarding the allegations in paragraphs 41 and 42 because there are no allegations in the operative EEOC Charge regarding any claim of non-promotion and such claims are a discrete action that was required to be adequately set forth in a timely EEOC Charge. Plaintiff decided on her own volition to not apply for promotion and those allegations and any claim for damages flowing from the alleged decision Plaintiff made to not seek a promotion are barred for failure to comply with the conditions precedent of including such claims in a timely EEOC Charge. Defendant is without knowledge of what date Plaintiff received the Notice of Right to Sue Letter for the operative EEOC Charge 510-2013-03337 and demands strict proof thereof to determine whether or not the Complaint was filed within the required 90-day deadline.

6. The County admits the allegation in paragraph 6 that the Plaintiff is currently employed by the County in the Department and has been employed in the classification of Correctional Sergeant since March 8, 2010 and that the Plaintiff has been employed with the County and assigned to the Department for more than 20 years. All other allegations of paragraph 6 are denied.

7. The County admits the allegation in paragraph 7 that the Plaintiff is currently employed by the County in the Department and has been employed in the classification of Correctional Sergeant since March 8, 2010 and is currently assigned to the Trend Analysis and Action Planning ("TAAP") Unit but denies the remaining allegations of paragraph 7.

8. The County admits the allegations of paragraph 8 but denies that it has any liability under the ADA for the allegations in the Complaint.

9. The County admits the allegations of paragraph 11.

Page **2** of **7**
MIAMI-DADE COUNTY ATTORNEY'S OFFICE

10. The County admits the allegations of paragraph 12 that Plaintiff was promoted to Sergeant in 2010 (March 8, 2010) and that she was at some point assigned to work at the Pretrial Detention Center ("PTDC") but denies the remaining allegations of paragraph 12.

11. The County denies the allegations in paragraphs 9 and 10.

12. The County denies the allegations in paragraphs 13, 14, 15, 16, 20, 21, 22, 23, 24, 26, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 51, 52, 53, 54, 55, 56, 59, 60, 61, 62, 63, 64, and 65 of the Complaint.

13. The County is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraphs 17, 18, 19, and 49, of the Complaint and demands strict proof thereof.

14. The County admits the allegation in paragraphs 25 and 27 that the Plaintiff was granted her request no to be required to work at the PTDC during several years but otherwise denies the allegations of paragraphs 25 and 27.

15. The County admits the allegations in paragraph 29 that Plaintiff was notified that she would not be required to work at PTDC in a letter from Tyrone Williams dated December 6, 2012, and that the letter speaks for itself. The remaining allegations of paragraph 29 are denied.

16. The County admits the allegations of paragraph 45 that the Plaintiff signed EEOC Charge No. 510-2013-03337, a copy of which is attached as Exhibit A to the Complaint but denies that this EEOC Charge states a valid claim against the County.

17. The County admits the allegation in paragraph 48 that the right-to-sue letter, a copy of which is attached as Exhibit B to the Complaint, was issued on June 25, 2018, but denies the remaining allegations of paragraph 48.

18. The County is without knowledge as to the allegation in paragraph 57 that Plaintiff retained counsel but denies that Plaintiff is entitled to any claim for attorney's fees in this matter and as such paragraph 57 is hereby denied.

19. Paragraphs 50 and 58 of the Complaint incorporate paragraphs 1 through 49 and thus the County's response to paragraphs 50 and 58 corresponds to the response the County provided to the specific numbered paragraph that is incorporated.

20. The County denies that the Plaintiff is entitled to any damages or relief for the claims in the Complaint and specifically denies the demand for the damages and relief in

subparagraphs (A)-(F) set forth at the end of Count 1 on page 11 and subparagraphs (A)-(E) set forth at the end of County on page 12.

## AFFIRMATIVE DEFENSES AND DENIALS

1. Plaintiff's claims are barred by the applicable statute of limitations.

2. Plaintiff's claims are barred to the extent that any claim for violation of the ADA in Count I is based on events occurring more than 300 days before the filing of Plaintiff's EEOC Charge Number 510-2013-03337, a copy of which appears as Exhibit A to the Complaint ("Plaintiff's EEOC Charge").

3. Plaintiff's claims are barred to the extent that any claim for violation of the FCRA in Count II of the Complaint are based on events occurring more than 365 days before the filing of Plaintiff's EEOC Charge.

4. Plaintiff's claims are barred for failure to exhaust her administrative remedies or contractual remedies or to the extent the collective bargaining agreement or labor practices provides a legitimate non-discriminatory basis for management decisions.

5. Plaintiff's claims are barred, in whole or in part, by her failure to take reasonable steps to mitigate her claimed damages including but not limited to Plaintiff's decision to absent herself from work based on a mere possibility that she could potentially be assigned to the Pretrial Detention Center (PTDC).

6. Plaintiff's claims are barred to the extent they were not the subject of a timely administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and/or the Florida Commission on Human Relations ("FCHR").

7. Plaintiff's claims in the Complaint under the ADA and the FCRA are limited to the claims adequately set forth in Plaintiff's EEOC Charge.

8. All claims in the Complaint that were not specifically alleged in Plaintiff's EEOC Charge are barred including but not limited to the claims in paragraphs 41 and 42 that Plaintiff decided not to seek promotion. All claims and any damages that allegedly flow from Plaintiff's decision not to seek promotions as alleged in paragraphs 41 and 42 are barred for failure to allege a non-promotion claim in Plaintiff's EEOC Charge.

9. Plaintiff's claims are barred to the extent Plaintiff failed to file a lawsuit within 90-days of receipt of notice of her notice of right to sue.

10. The Complaint is barred because it does not state a *prima facie* claim for disability discrimination under the ADA.

11. The Complaint is barred because it does not state a *prima facie* claim for disability discrimination under the FCRA.

12. Defendant did not discriminate against the Plaintiff on the basis of disability in violation of the ADA or the FCRA.

13. Any actions taken by Defendant with regard to Plaintiff's employment were taken for legitimate non-discriminatory reasons.

14. Plaintiff's attempt to claim damages for non-promotion as alleged in paragraphs 41 and 42 as incorporated into Counts I and II are barred because Plaintiff did not apply for a promotion.

15. The Complaint fails to state a claim for damages.

16. Plaintiff was not a "qualified individual" with a disability.

17. Plaintiff was unable to perform the essential functions of her job with or without a reasonable accommodation when Plaintiff absented herself from work because of the possibility that she might be assigned to work at PTDC.

18. Plaintiff failed or refused to reasonably engage in the interactive process.

19. Plaintiff's failure to accommodate claim, if any, is barred to the extent Plaintiff did not request any reasonable accommodations or to the extent the Plaintiff was granted reasonable accommodations by the Defendant.

20. The Plaintiff's claims are barred to the extent the reasonable accommodations Plaintiff requested are not reasonable, would not serve to accommodate the Plaintiff in performing the essential functions of her job, or would have imposed an undue hardship on Defendant.

21. Plaintiff's claim for failure to accommodate is barred because after Plaintiff made a request to not be assigned to the PTDC, Plaintiff has not worked one day in the PTDC since December 2012. Therefore, to the extent a reasonable accommodation was required, the Department complied with the requirements of the ADA and the FCRA.

*Ida Brewton v. Miami-Dade County*
19-CV-23183-JLK

22. The Plaintiff's right to recovery under the FCRA, if any, is limited, however, by the provisions of Fla. Stat. §§ 760.11 and 768.28. Specifically, Fla. Stat. § 760.11(5) limits the total amount of recovery against the County to that which is set forth in Fla. Stat. § 768.28(5).

23. The Plaintiff's recovery under the ADA, if any, is limited as set forth in 42 U.S.C. §1981a.

24. The County reserves the right to assert additional defenses as appropriate.

WHEREFORE, Defendant respectfully requests that this Court dismiss this action with prejudice and award Defendant's reasonable attorney's fees as part of the costs to defend the action. Respectfully submitted,

>ABIGAIL PRICE WILLIAMS
>MIAMI-DADE COUNTY ATTORNEY
>
>By:  *s/Eric A. Rodriguez*
>Eric A. Rodriguez
>Florida Bar No. 970875
>Email: ear2@miamidade.gov
>Miami-Dade County Attorney's Office
>Stephen P. Clark Center
>111 NW 1st Street, Suite 2810
>Miami, Florida 33128
>Telephone: (305) 375-5151
>Facsimile: (305) 375-5634
>Attorney for Defendant Miami-Dade County

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF on October 15, 2019, on all counsel or parties of record on the Service List below.

>*s/Eric A. Rodriguez*
>Assistant County Attorney

*Ida Brewton v. Miami-Dade County*
19-CV-23183-JLK

## SERVICE LIST

| **Attorney for Plaintiff** | **Attorney for Defendant** |
|---|---|
| Charles M. Baron, Esq. | Eric A. Rodriguez |
| Law Offices of Charles M. Baron, P.A. | Miami-Dade County Attorney's Office |
| 2514 Hollywood Blvd., Suite 408 | Stephen P. Clark Center |
| Hollywood, FL  33020 | 111 N.W. 1st Street, Suite 2810 |
| Tel: (305) 933-9292 | Miami, Florida 33128 |
| Fax: (305) 933-9992 | Tel: (305) 375-5151 |
| Email: cmb@baronjustice.com | Fax: (305) 375-5634 |
| | Email: ear2@miamidade.gov |
| *Service via CM/ECF* | *Filing party - No service made* |